Hillsborough, }
   June, 1900. }

FOURNIER v. COLUMBIAN MANUFACTURING CO.

70   629
Case 2
71   295

CASE, by the plaintiff, whose right hand was injured by the
gears of a spinning-frame in the defendants' cotton mill. The
plaintiff was a doffer in the defendants' employ. It was her duty
to clean or wipe the gears on the spinning-frames at the cleaning
hour, which was from 3.30 to 4.30 o'clock on every Saturday
afternoon. For this purpose the frames were stopped by throw-

ing a belt from a fixed to a movable pulley. It was the spinner's
duty, at this hour, to tie together the ends of threads broken dur-
ing the process of cleaning; also, to start the frames in order to
get the work in running order, first giving notice of her purpose
to the doffer. While the plaintiff was cleaning the gears from
which she received her injury, the spinner who ran the frame con-
nected with the gears, and who was a competent and ordinarily
careful employee, started the machinery without notice to the
plaintiff, thus causing her injuries to be inflicted.

The grounds upon which the plaintiff claimed negligence in the
defendants were: (1) Permitting the cleaning with the speed on
without removing the belt or securing the shipper, (2) not provid-
ing brushes for cleaning the gears, and (3) the character of the in-
structions given to the plaintiff. At the conclusion of the testi-
mony, the defendants' motion that the court direct a verdict for
them was denied, and they excepted.

*Joseph W. Fellows, David A. Taggart,* and *William G. Buteau,*
for the plaintiff.

*Burnham, Brown & Warren* and *John H. Riedell,* for the de-
fendants.

PIKE, J. The cause of the plaintiff's injury was the negligence
of a fellow-servant, who was competent and ordinarily careful, in
starting the frame without notice while the plaintiff was cleaning
the gears.

If the injury had resulted from the running of the belt from
the movable to the fixed pulley and thus starting up the frame, or
from the plaintiff having been required to clean the gears while
they were in motion, the questions of law which the plaintiff dis-
cusses would be before the court. But it did not, and those ques-
tions are not here for consideration. The motion to direct a ver-
dict for the defendants should have been granted.

*Verdict set aside : judgment for the defendants.*

PARSONS, J., did not sit: the others concurred.